March 6th, 1905.

————O————

No. 3630.

(Court of Appeal, Parish of Orleans.)

SIDNEY LEVY vs. HIBERNIA INSURANCE CO.

Appeal from Civil District Court, Division "D."

McCaleb, McCaleb and Leopold, for Plaintiff and Appellee.

McCloskey and Benedict, for Defendant and Appellant.

The proof in the record to sustain the Judgment by default herein is meagre and unsatisfactory, and is not such as the plaintiff should make

to establish his claim in a case involving the amount to be recovered for a loss under a policy of fire insurance.

DUFOUR, J. This is an appeal from a judgment by default in an action to recover an alleged loss under a fire insurance policy, and the question presented is, whether or not the evidence is sufficient to sustain the judgment. In addition to the policy and a memorandum, there is verbal testimony in the record, which, in its entirety, is as follows:

Sidney Levy says:

"Q—Are you the plaintiff in this case?

"A—Yes, sir.

"Q—There was a fire that occurred at 2317 Canal street, in this City. How far was that from your residence?

"A—Right next door.

"Q—Was any of your property destroyed by that fire?

"A—Yes, sir.

"Q—To what extent?

"A—Well, I have the appraisement out there.

"Q—Is this the valuation of the property—the itemized account of the property? (Handing document to witness.)

"A—Yes, sir; that's it.

"Q—Did you present proofs of loss to the insurance company?

"A—Yes, sir.

"Q—Have you requested payment of this loss?

"A—Yes, sir.

"Q—Have they refused to pay?

"A—Yes, sir.

Charles J. Smith says:

"Q—What is your business?

"A—My business is furniture business, cabinet maker and upholsterer.

"Q—Did you inspect the property of Mr. Levy that was damaged by fire at his residence on Canal street?

"A—I did.

"Q—Is this (handing document to witness) the statement of the property and the amount of the damage?

"A—That is the appraisement of the value of the damage that I made.

"Q—Item by item?

"A—Yes, sir.

"Q—Is that a true and correct estimate?

"A—Yes, sir.

"Q—How much was the appraisement?

"A—$777.80."

The memorandum referred to—the only one we find in the record—is headed "estimate of damage by smoke, water and rough handling to furniture, ornaments, clothes, etc." It does not give the value of the various articles, but merely estimates the damage done to them. Such proof is meagre and unsatisfactory and is not such as the Plaintiff is required to make to establish his claim. It does not state the "cost of each article and the damage claimed on it," as is imperatively required by one of the clauses of the policy, although in his petition the plaintiff alleges that all the requirements of said policy were complied with.

Judgment reversed and cause remanded to be proceeded with according to law.